In The District Court of McCurtain County State of OKLAHOMA

Eric ShaunRay, petitioner
DOB. 12-23-1973
SSN 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

Case No. CF-2018-239

Exhibit #1

To The Honorable Judge of Said Court:

Now comes Eric Shaun Ray, pro se petitioner Seeking Writ of Habeas Corpus under Okla. Stat. tit. 12, Sec. 1331 ("Every person restrained of his liberty, under any pretence whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal.") Petitioner is illegally restrained of his liberty in regard to the case cited above, No. CF-2018-239, as well as an out of state hold, Failure to appear, Washington Co. Arkansas, for which petitioner's detention is unlawful.

In Support of This Writ Petitioner Shows:

I.

Petitioner is currently held at the McCurtain County Jail in Idabel, Oklahoma by Sheriff Kevin Clardy on the charge of Domestic assault and Battery resulting in great bodily harm, Case No. CF-2018-239 and an out of state hold from Washington County, Arkansas for a felony Failure to appear (FTA).

II.

On the 23rd of Oct. 2018 petitioner was initially arrested in Odessa Texas, Ector County for misdemeanor possession of Marijuana and notified of two outstanding warrants. One

for misdemeanor theft by check from McKinney Texas, Collin County and the other warrant was from the State of Arkansas, Washington County for felony F.T.A. Petitioner was held without bail on the Arkansas warrant and no mention was made of any other warrants or charges.

## III.

On the 24th of Oct. 2018 petitioner was arraigned at the Ector County Jail in Odessa Texas on three charges. The first was the Ector County misdemeanor possession of marijana for which petitioner received a personal recognizance bond, the second was the Collin County, Texas, Misdemeanor theft by check for which bail was set at $500.00, and the third was the out of State charge for felony F.T.A. from the State of Arkansas for which petitioner was held without bail.

## IV.

On 31st of Oct. 2018 petitioner was transported from the Ector County, Texas Jail to the Collin County Jail in McKinney, Texas. Transport between the two Texas counties took approx. 36 hours with the exchange of custody at approx. 2am on the 2nd of Nov. 2018.

## V.

On the 6th of Nov. 2018 petitioner was arraigned on the theft by check charge at the Collin county Jail in McKinney Texas. Bail remained at $500.00 and no bail hold on Arkansas detainer. Petitioner requested counsel be appointed.

## VI.

On the 9th of Nov. 2018 petitioner was arraigned at the Collin Co. Jail in McKinney, Texas on two out state warrants from the respective states of Arkansas, Felony F.T.A. and Oklahoma, Domestic assault and battery resulting in great bodily harm. Petitioner declined to waive right to extradition proceedings with regard to both states and both respective charges. Petitioner was advised of his rights, under Interstate Agreement on Extradition act, to have a Governors Warrant issued and a Habeas Corpus Hearing on the arrest of such warrent. Petitioner requested counsel be appointed and was held without bail.

## VII.

On the 16th of Nov. 2018 petitioner was arraigned for the third time on the Felony F.T.A. from Washington County, Arkansas and for the second time on Domestic assault and battery resulting in great bodily harm from McCurtain County, Oklahoma. With counsel present, this arraignment took place at the Collin Co. Jail in McKinney Texas, just as the week before and again petitioner refused to sign waivers of extradition, declining to wave extradition proceedings with regard to both respective states. Petitioner was advised by the court that a Governors warrant would be issued and counsel for the petitioner first said petitioner was named in the waiver of extradition but then said petitioner was not named in the waiver of extradition. Petitioner was again held without bail.

VIII.

On the 13th of Dec. 2018 Petitioner was taken into custody by McCurtain County Sheriffs Deputy at the Collin County Jail in McKinney, Texas and transported across the State line to the McCurtain County Jail in Idabel, Oklahoma. The exchange of custody was by force and captured on video at the Collin Co. Jail.

IX.

On the 14th of Dec. 2018 petitioner was arraigned at the McCurtain County Jail in Idabel, Oklahoma on the charge of Domestic assault and battery resulting in great bodily harm. Petitioner made the court aware that his rights under the Interstate Agreement on Extradition Act, were violated when he was extradited from the State of Texas without due process of a Governor's warrant being issued and right to Habeas Corpus hearing over any arrest under Governors warrant, because Petitioner had refused to waive extradition proceedings. Petitioner was informed the matter would be brought before the District Attorney (DA). Bail was set at $50,000. Judge told the Jailer to allow petitioner to call his family.

X.

On the 3rd of Dec. Petitioner completed the application for court appointed counsel, upon addressing the issue of petitioner's illegal extradition at the first visit with counsel on Jan. 3rd, 2019, Court appointed counsel

refuse to file a writ of habeas corpus as requested by petitioner. Counsel informed petitioner that he would look into the matter of extradition.

## XI.

On the 13th of Jan. 2019 petitioner mailed pro se writ of Habeas corpus to the U.S. District Court in Muskogee, Oklahoma from the McCurtain County Jail in Idabel, Oklahoma. Petitioner's request for habeas corpus relief was an eight page hand written document mailed out in an envelope clearly marked "LEGAL MAIL". Petitioner requested a stamp filed copy and inclosed the proper S.A.S.E. which petitioner is yet to receive. On the 18th of Jan. 2019 petitioner received a notice of Electronic Filing in an envelope which was already opened out of view of petitioner. The notice stated; the following transaction was entered on 1-15-2019 at 1:43 p.m. CST and filed on 1-15-2019; Case name: Ray v. Tadlock; Case Number: 6:19-cv-00016-JHP-KEW, Filer: (not given); Document Number: 3 (No Doc. Att.). At no point in time did petitioner permit or allow anyone tamper with or have access to the eight page hand written request for Habeas corpus relief mailed to the U.S. District Court Clerk in Muskogee Oklahoma in terms of viewing, editing or filing electronicly. On the 23rd of Jan. 2019 petitioner received an order dismissing petitioner's writ of Habeas corpus. Again the envelope was delivered opened, out of view of petitioner, and although the notice stated 4 (four) documents attached petitioner only received 2 (two) documents, the notice

5 of 1

and the order. It is unclear what actually got filed in terms of the application for Habeas Corpus relief that was mailed out on the 13th of Jan. 2019, because Petitioner has never received the stamp filed copy as requested or any other copy electronically filed or otherwise. Although it is clear that the application for relief was tampered with as a careful review of the writ order will show that Sheriff's name was changed from Clardy to Tadlock, the order States Petitioner "asserts he was appointed counsel on the 17th of Dec. 2018", yet the application for appointed counsel was not even completed until after the 27th of Dec. 2018, and the order speaks of an unclear time line and "charges" that were never addressed in Petitioners application for relief. Further, not one of the Constitutional claims with regard to the 4th, 5th, 6th, 8th, and 14th amendments were even mentioned, much less addressed.

## XII.

On the 31st of Jan. 2019 Petitioner was called to his second visit with appointed counsel. Petitioner made it clear to counsel that all of Petitioner's legal mail, going out and coming into the McLennan Co. Jail, is being open and tampered with illegally. Petitioner again requested counsel file a writ of habeas corpus and again counsel refused but said that he would file a motion to have Petitioner transferred back to Texas. Petitioner is unaware of any motion being filed, to date.

6 of 1

## XIII.

On the 1st of Mar. 2019 petitioner was called to Preliminary hearing at the McCurtain County District Court in Idabel, Oklahoma. The hearing was held over the matter of Domestic assault and battery resulting in great bodily harm, Case No. CF-2018-239. At the opening of the hearing Counsel for the Defence addressed the issue of Jurisdiction in regard to the illegal extradition that brought petitioner to said hearing. The Judge allowed that the matter would be left open for appeal and called upon the District Attorney to show a Governors Warrant. The District Attorney brought before the court a letter of requisition to the Texas governor from the governor of Oklahoma requesting that a warrant be issued. Defence Counsel objected that no warrant signed by the Governor of Texas, was shown and the Judge sustained, although the hearing moved forward. No physical evidence was shown of great bodily harm, though failed to object there was held over for trial on the charge.

## XIV.

On the 4th of Mar. 2019 petitioner was called to District Arraignment in Case No. 2018-239 at the District Court of McCurtain County in Idabel, Oklahoma. Petitioner was advised by counsel to waive the reading of trial rights on record but in no way would doing so effect petitioners claims to the violations of rights leading up to District arraignment and a note was made stating such at the bottom of said waiver. The court excepted and a trial date was set for June 2019.

# XV.

The following facts are presented as they relate to the Violation of petitioner's Constitutional rights in each of the fourteen foregoing sections.

Section I:
Petitioner is currently illegally restrained of liberty at the McCurtain Co. Jail in Idabel Oklahoma as sheriff's department is without jurisdiction to take custody of detain petitioner having illegally extradited petitioner without a signed waiver of extradition or governors warrant in accordance with the Interstate Agreement on Extradition act and furthermore, the 90 days allowed to hold petitioner waiting for said warrant expired on the 14th of Feb. 2019 with regard to both states of Oklahoma and Arkansas, Violating petitioners 4th, 5th, 6th, 8th, and 14th amendment Rights under the U.S. Constitution.

Section II:
On the 23rd of Oct. 2018 petitioners initial arrest was without probable cause Violating petitioner's 4th amendment Rights.

Section III:
On the 24th of Oct. 2018 petitioners rights under the 4th, 5th, 6th, 8th, and 14th were violated when no probable cause was given for arrest and no warrant was shown or any advisement of rights regarding the Interstate agreement on Extradition act, no lawful reason was given for no bail hold, and petitioner was not allowed a call before arraignment.

8 of 1

Section IV:

Between the dates of Oct. 31st, 2018 and Nov. 4th, 2018 petitioner was made to set up without sleep for 36 hours in restraints on transport from Ector County and another 48 hours in the booking area at Collin County. No arrest or execution of any warrant was every made on any charges before or after said dates, nor was any warrant ever shown to petitioner although he requested to see a warrant many times. This was all in violation of petitioner's 4th, 5th, 6th, 8th, and 14th amendment Rights under the U.S. Constitution.

Section V:

On the 6th of Nov. 2018 petitioner was arraigned on charge for which no arrest was ever made and no lawful warrant executed, after held in booking for over 48 hours. The charge was a Collin County charge and after it was dismissed (theft by check) Collin County had no right to hold petitioner. All this is in violation of petitioner's Constitutional rights under the 4th, 5th, 6th, 8th, and 14th Amendments.

Section VI:

On the 9th of Nov. 2018 the arraignment was held in violation of petitioner's constitutional rights under the 4th, 5th, 6th, 8th, and 14th amendments when without regard to the Interstate Agreement on Extradition or Due Process of Law the hearing was held hundreds of miles away from the county where the initial arrest was made and in a

County without jurisdiction to hold the arraignment hearing. Petitioner was given no notice of the hearing or shown any legal document in terms of warrant for or any other document to support lawful arrest and no bail hold, nor was petitioner given any reason other than to say there were charges outstanding in the two respective states of Oklahoma and Arkansas, for hearing and hold.

Section VII:

On the 16th of Nov. 2018 petitioner was arraigned for the thrid time on the Felleny F.T.A. from the state of Arkansas and for the second time for the felleny charge from Oklahoma in violation of petitioners Due Process Rights under the 5th and 14th amendments to the United States Constitution. Further, petitioner's 6th Amendment rights and 8th amendment rights were violated when appointed counsel failed to provide effective assistance and bail was not addressed, as well as, for all the reasons outlined in the section before this one, petitioners equal protection rights of the 14th amendment were violated when this hearing was held for no other reason than to frustrate and confuse.

Section VIII:

On the 13th of Dec. 2018 in violation of Interstate Agreement on Extradition Act, against state law, and without regard to petitioners constitutional rights of

the 4th, 5th, 6th, 8th and 14th Amendments and the Oklahoma Bill of Rights Article 2: Sections 7, 9, 10, 17, 20, and 30. Petitioner was taken into custody by force and transported out of the State of Texas in direct, gross violation of said act, as well as petitioners due process rights and the right to ~~be~~ free in person of unreasonable seizure after having refused to sign waiver of extradition and no governors warrant was ever issued by the Texas state governor, nor was petitioner ever allowed a habeas corpus hearing. Therefore, the extradition that took place on the 13th of Dec. 2018 was not only a violation of petitioners constitutional rights; it was also illegal and crime according to the Interstate Agreement on Extradition Act. Further, McCurtain county Sheriff was without jurisdiction to make ~~and~~ an arrest and clearly did not have jurisdiction to execute an Oklahoma warrant of arrest. Furthermore, no lawful arrest was ever made and no legal warrant of arrest was ever executed at all legally.

~~Additionally~~ but separate from the foregoing issues, petitioner filed a grievance relating to access to the courts on the 17th of Dec. 2018 although grievance has gone unanswered. Only one grievance can be filed at a time on the Kiosk system at McCurtain Co. Jail thus not allowing further issues to be addressed in effect suspending access to courts and habeas corpus.

Section IX:

On the 14th of Dec. 2018 in violation of The Interstate Agreement on Extradition, McCurtain County District Court was without Jurisdiction to hold arraignment hearing and without regard to due process of law no lawful arrest was ever made and no legal warret of arrest was ever executed. Petitioner was never allowed to place a free call even after the Judge ordered the jail to allow to contact family. Petitioner was not given any right to counsel nor advised of such right all in violation of petitioners Constitutional Rights under the US. Constitutional 4th, 5th, 6th, 8th, and 14th amendments as well as the Oklahoma Bill of Rights Article 2, Sections: 7, 8, 9, 10, 17, 20, and 30. Together with the fact that the Arkansas hold was never addressed nor has it been to Date and the time frame for the issued Governors warrent ran out on the 14th of Feb. 2019, If the arraignment in Texas on the 16th of Nov. 2018 was at all legal. Petitioner has written the Federal Court in Eastren District of Texas. Petitioner's legal mail was tampered with here at the jail in McCurtain Co. This legal mail issue is further addressed in Section XI of this writ.

Section X:

On the 3rd of Jan. 2019 after petitioner made court appointed counsel aware the illegal extradition that brought petitioner to Oklahoma on the 13th of Dec. 2018 counsel was unwilling to aid petitioner in anyway causing ineffective counsel

Counsels failure to act effectively together with the fact that petitioner is not allowed access to the Courts or any legal materials at the jail in McCurtain County has in fact resulted in suspending petitioners right to writ of Habeas Corpus. All of which is in violation of petitioners constitutional rights under the Okla. Bill of Right Article 2: Section 10 as well as petitioner right to effective assistance of counsel under the 6th amendment of the U.S. Constitution, along with the 5th and 14th amendments.

Section XI:

On the 13th of Jan. 2019 the request for Habeas Corpus relief that petitioner mailed out from "K" pod at the McCurtain Co. Jail is not the petition that got filed electronicly with the federal Court in Muskogee on the 15th of Jan. 2019. For partly to block and tamper with petitioners legal mail has resulted in the violation of petitioners constitutional rights in terms of the 8th amendment of the US. constitution and the Okla. Bill of Rights Article 2: Section 10, as well as petitioners Due Process Rghts of the 5th and 14th amendments. Further, petitioner is unaware of what happens to the mail once it's taken from "K" pod at the jail, although it is not always logged and many times the letters petitioner has written to the courts requesting documents and legal materials have gone unanswered, leaving petitioner to believe the legal mail was never posted and this in fact is to deny access to the courts. Petitioner

filed a grievance with the McCurtain County Jail regarding access to the courts on the 17th of Dec. 2018, as mention in Subsection VIII above of this section. The Jail has not responded to said grievance and, as mention, the kiosk system only allows one grievance to be filed at a time and does not have any grievance procedures posted, thus blocking the issue of any further issue from being addressed. Therefore, the illegal tampering with legal mail, unlawful grievance procedures, and failure to provide any legal materials or access to the courts, together with totally non-effective counsel have in fact resulted in the violation of petitioner's rights under the U.S. Constitutional amendments 4, 5, 6, 8, and 14, as well as The Okla. Constitutional Bill of Rights Article 2: Section 7 and Section 10.

Section XII:

On the 31st of Jan. 2019 petitioner was call to the second attorney visit with court appointed counsel and was informed by counsel that the preliminary hearing date (case no. CF-2018-239, was being moved back from the 20th of Feb. 2019 to the 5th of Mar. 2019. At that time petitioner made counsel aware that all of petitioner's legal mail was being tampered with and that petitioner's writ of Habeas corpus was altered and filed electronicly. Again petitioner requested counsel avail petitioner of the rights being violated and the crimes being committed in this case in terms of the illegal extradition on

the 13th of Dec. 2018 and the mail tampering that took place on the 13th of Jan. 2019 with regard to petitioner's legal mail being opened altered and filed electronicly in Federal Court. At that time, counsel stated that no hearing date would be set and that a motion would be filed, although to petitioner's knowledge no motion was ever filed and there was a preliminary hearing date set for the 1st of Mar. 2019 with out ever giving petitioner any notice. All of which is in violation of petitioner's rights under the U.S. Constitutional 4th, 5th, 6th, 8th, and 14th amendments and the Oklahoma Constitutional Bill of Rights Article 2 sections 7, 9, 10, 17, 20, and 30.

Section XIII:

On the 1st of Mar. 2019 McCurtain County Court was with out Jurisdiction to hold preliminary hear in case no CF 2018-239 and the hearing was held in violation of the Interstate agreement on Extradition act. Petitioner was never given any notice of the hearing date and was not allowed to speak to the Judge at the hearing regarding the violation of petitioner's constitutional rights. The document that the District Attorney presented to the Court was not a governors warrant but a letter of requisition, although it was allowed to stand with out regard therefore to petitioner's right to an actual warrant signed by the Texas Governor and a Habeas Corpus Hearing over such warrant in accordance with the Interstate

Agreement on Extradition Act. Further, defence counsels ineffectiveness was shown in this jurisdictional matter as well as the fact that no evidence was shown of great bodily harm yet appointed counsel for the defence failed to object or take issue regarding this fact at all in terms of having charges dropped or a lesser charge addressed. All of which is in violation of petitioner's constitutional rights of the 4th, 5th, 6th, 8th, and 14th amendments to the U.S. Constitution and the Okla. Bill of Rights Article 2: Sections 7, 9, 10, 17, 20, and 30. Also considering there was never any lawful execution of an Oklahoma warrant in case No.CF-2018-239, nor was bail ~~issue~~ addressed.

Section XIV:

On the 4th of Mar. 2019 McCurtain County District Court was without jurisdiction to hold petitioner to a District Arraignment Hearing in violation of petitioner's Due Process Rights and the Interstate Agreement on Extradition Act, which states that it is a crime to extradite without allowing for a Habeas Corpus Hearing in the State of arrest under Governor's Warrant. Add to that the fact that counsel failed to notify the court that further crimes are being committed against petitioner in terms of illegal mail tampering and filing ~~false~~ documents with the federal court in petitioner's name. All of which is in violation of petitioner's constitutional rights under the 4th, 5th, 6th, 8th, and 14th amendments to the United States Constitution.

## XVI.

It is petitioners sincere Prayer the Honorable Judge adjudicating this petition for Habeas Corpus Relief will take into account the fact that petitioner is a layman of the Law and this petition was prepared without the benefit of any legal aid or material while petitioner remains illegally detained and under duress at McCurtain County Jail, having constitutional rights violated daily in terms of conditions of confinement and access to the courts, relating to healthcare and legal mail, mention in the foregoing writ of Habeas corpus. All of the documents mention in this petition have been requested from the respective courts although there has been no response from the clerks or the mail was not allowed by the jail. Case in point, the order dismissing petitioners initial application for habeas relief was open, out of the view of petitioner, and the (Dkt.1) mention in the order was removed and petitioner was not allowed see the document, (Dkt.1) being the falsified document mention in this writ, sec. XI and Subsection XI. Petitioner has open the prayer in this way to express the great challenges that exist in filing an adequate request for relief, as it is presented in chronological order to show the totality of disregard for petitioner's constitutional rights in terms of the 4th, 5th, 6th, 8th, and 14th amendments. Therefore, petitioner prays to be delivered from illegal restraint at the McCurtain County Jail and have the pending criminal prosecution,

in Case No. CF-2018 234, dismissed or grant any relief the Honorable Judge reviewing this petition would deem appropriate.

Respectfully Submitted By:
Eric Shawn Ray
*Eric Shawn Ray*     4-7-2019

### XVII.

I Eric Shawn Ray, by signing below, do give my oath, certify, and declare, under the penalty of perjury, that the foregoing writ of Habeas Corpus is true and correct to the best of my knowledge and the factual contentions have evidentiary support or, if specifically so identified, will have evidentiary support after a reasonable opportunity for further investigation or discovery, and is supported by existing state and federal law.

Signature of Petitioner: *Eric Shawn Ray*
Date of signing: April 7, 2019

18 of 18