IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ERIC SHAWN RAY, #210440 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv856 |
| | § | |
| COLLIN CO. SHERIFF'S OFFICE, | § | |
| ET AL. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Eric Shawn Ray, an inmate previously confined at the Collin County Detention Center and currently confined at the Davis Correctional Facility in Holdenville, Oklahoma, proceeding *pro se* and *in forma* pauperis, brings the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged violations related to his transfer from Ector County, Texas, to Collin County, Texas, and his extradition from Collin County, Texas, to McCurtain County, Oklahoma. He also seeks relief for alleged constitutional violations occurring during his confinement as a pretrial detainee at the Collin County Detention Facility and his forceful transfer from the Collin County Detention Facility to the custody of the McCurtain County, Oklahoma Sheriff's Office on December 13, 2018, which resulted in permanent injuries to Plaintiff's arm, back, and neck.

1

On November 2, 2002, Plaintiff began the lawsuit by filing the original complaint against Defendants Collin County Sheriff's Office, Collin County Sheriff Jim Skinner, Collin County Officer Shannon Young, Collin County Officer FNU Kirkpatrick, Collin County Officer Matt Dyer, and Bailiff with Badge No. 02-477. (Dkt. #1). On January 3, 2022, the court issued an order (Dkt. #14) for Defendants to answer Plaintiff's complaint. On January 20, 2022, Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. ##23, 24). After allowing Plaintiff leave to file an amended complaint (Dkt. #52, 55), Plaintiff filed his amended complaint (Dkt. #54) on July 11, 2022.[1] An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). As a result, the amended complaint is the governing complaint in this case.

In the amended complaint, Plaintiff names the following Defendants: McCurtain County, Oklahoma; McCurtain County Sheriff Kevin Clardy ("Sheriff Clardy"); Washington County, Arkansas; Ector County, Texas; Collin County, Texas; Collin County Sheriff Jim Skinner ("Sheriff Skinner"); and Collin County Sheriff's Office personnel Edwin McGill, Matt Dyer, FNU Kirkpatrick, Shannon Young, Officer Green, and Lt. Christenson.[2]

## II.  SCREENING UNDER 28 U.S.C. § 1915A

Plaintiff is currently a prisoner, as such, his complaint is subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil

---

[1] Thereafter, the Court denied Defendants' motions to dismiss the original complaint (Dkt. ##23, 24) as moot. (Dkt. #55).

[2] In the amended complaint, Plaintiff does not name as a Defendant the Collin County Sheriff's Office or "Bailiff with Badge No. 02-477." Therefore, these parties will be terminated from this action.

Procedure 11 and 12(b)(6)." *Id.* at 580 n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim *de novo*, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."), *cert. denied*, 139 S. Ct. 626 (2018). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts are mandated to preemptively screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Butler v. Tidwell*, No. 4:20-CV-600, 2021 WL 4025379, at *3 (E.D. Tex. June 29, 2021), *report and recommendation adopted*, No. 4:20-CV-600, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *Montgomery v. Barr*, No. 4:20-CV-01281-P, 2020 WL 7353711, at *7 (N.D. Tex. Dec. 15, 2020) (citing *Coleman v. Tollefson*, 575 U.S. 532 (2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief)); *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004).

Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is empowered to dismiss an *in forma pauperis* case if it finds that the action is "frivolous or malicious." Under § 1915(e)(2)(B)(i), "[a] complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

3

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting the plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

### III.  ANALYSIS

**A.  Jurisdiction and Venue**

Plaintiff asserts claims against two out-of-state municipal Defendants: McCurtain County, Oklahoma; and Washington County, Arkansas. Plaintiff appears to be challenging the policies of McCurtain County and Washington County related to detainer and extradition. A federal district court in Texas has no personal jurisdiction over a county in another state, a foreign jurisdiction. Plaintiff's claims challenging the policies of McCurtain County and Washington County should be dismissed without prejudice for lack of personal jurisdiction.

Plaintiff's claims against Sheriff Clardy concern his involvement in Plaintiff's extradition from Texas to Oklahoma. Plaintiff alleges that Sheriff Clardy "was designated as authorized agent concerning the extradition requisition to Texas Governor." (Dkt. #54, pp. 20-21). Plaintiff maintains the requisition "was unlawfully obtained and illegally executed" on December 13, 2018. (Dkt. #54, p. 21). Plaintiff also alleges that Sheriff Clardy "acted in concert" with Collin County Sheriff Skinner "to conspire with others" to violate Plaintiff's civil rights. (Dkt. #54, p. 21).

The federal statute here, 42 U.S.C. § 1983, does not confer nationwide service of process or jurisdiction upon federal district courts. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). A court "may exercise personal jurisdiction over a non-resident defendant only so long as there exists 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-93 (1980); *see also Cherry v. Unidentified Defendants*, No. 4:19CV657, 2019 WL 7838559, at *1 (E.D. Tex. Oct. 16, 2019), *report and recommendation adopted*, No. 4:19CV657, 2020 WL 555449 (E.D. Tex. Feb. 4, 2020). Plaintiff has not set out any facts showing that Sheriff Clardy has sufficient "minimum contacts" within the territorial jurisdiction of the Court for the Court to have *in personam* jurisdiction over him. Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure generally limits *in personam* jurisdiction of a federal court over a non-resident defendant to that of a court of general jurisdiction in the forum state. The Court's jurisdictional inquiry is thus guided by the forum state's long-arm statute, constitutional limitations based on due process, and the non-resident defendant's contacts with the forum.

The Court finds that Sheriff Clardy has insufficient contacts with the State of Texas for the Court to exercise *in personam* jurisdiction over him. *See Trujillo v. Williams*, 465 F.3d 1210, 1219 (10th Cir. 2006) (the transfer of prisoner pursuant to the Interstate Corrections Compact does not support the exercise of specific personal jurisdiction over out-of-state prison officials). Additionally, a non-resident's alleged participation in a conspiracy cannot serve as a constitutionally sufficient basis to exercise *in personam* jurisdiction over that individual in situations which would otherwise fail the "minimum contacts" approach. *See Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 518 (S.D. Iowa 2007); *Jones v. Hawk-Sawyer*, 2000 WL 34203850, at *2 (N.D. Tex. Oct. 19, 2000) (dismissing claim against director of BOP because "[p]laintiff's

5

allegations that [defendant] decided two administrative appeals outside the state of Texas and his conclusory allegations of conspiracy are not sufficient contact to support a finding of personal jurisdiction"). As a result, Plaintiff's allegations of a conspiracy cannot serve as an independent basis for the exercise of *in personam* jurisdiction over Sheriff Clardy. Thus, claims against Sheriff Clardy should be dismissed without prejudice for lack of personal jurisdiction.

Plaintiff also asserts claims against Ector County, Texas. Specifically, Plaintiff complains that Ector County's policy allowed officials to "make an unlawful exchange of custody" of Plaintiff to Collin County "while holding him" on a detainer from Washington County, Arkansas, without bond and in violation of Plaintiff's due process rights "associated [with] interstate extradition."³ (Dkt. #54, pp. 9-10). Venue for Plaintiff's claims against Ector County is in the United States District Court for the Western District of Texas, Midland-Odessa Division. U.S.C. § 124(d)(7). Therefore, claims against Ector County should be dismissed without prejudice for lack of venue. *See* 28 U.S.C.A. § 1406.

Even if the Eastern District of Texas, Sherman Division, is a proper venue and can exercise personal jurisdiction over McCurtain County, Washington County, Ector County, and Sheriff Clardy, the Court finds that Plaintiff fails to state a cognizable § 1983 claim against these Defendants.

## B. Failure to State a Claim

### 1. Transfers

Plaintiff has not alleged any facts that amount to a violation of his constitutional rights related to his intrastate and interstate transfers. Interstate transfers are constitutional, and inmates

---

³ Plaintiff also alleges that officials in Ector County "used said unlawful policy to conspire with Washington, McCurtain and Collin counties to have Plaintiff unlawfully removed from the State of Texas." (Dkt. #54, p. 9). Plaintiff does not name any officials from Ector County as Defendants, however.

have no protected liberty interest against interstate transfers. *Olim v. Wakinekona*, 461 U.S. 238, 248, 103 (1983) (holding "an interstate prison transfer, including one from Hawaii to California, does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself"); *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996) (no liberty interest, a necessary element of a procedural due process claim, implicated in interstate transfer, and interstate transfer does not impose atypical and significant hardship on the inmate). The Supreme Court also has held that the Due Process Clause does not "in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state," and that the United States Constitution does not require a hearing prior to such a transfer. *Meachum v. Fano*, 427 U.S. 215, 224-29 (1976). Accordingly, Plaintiff fails to state any § 1983 claim regarding Plaintiff's intrastate and interstate transfers.

### 2. Conspiracy

Plaintiff also fails to state a conspiracy claim. To prove a conspiracy, a plaintiff must prove an actual deprivation of a constitutional right. *Salvin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984); *see also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1990). Mere conclusory allegations of conspiracy, absent reference to material facts, do not state a cause of action under 42 U.S.C. § 1983. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (*en banc*). Specific facts must be pleaded when a conspiracy is alleged; mere conclusory allegations will not suffice. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir.

1987). The Fifth Circuit has noted that "charges as to conspiracies must be based on substantial and affirmative allegations, and no mere gossamer web of conclusion or interference, as here, trifles light as air," will suffice to sustain a claim of conspiracy. *Crummer Co. v. Du Pont*, 223 F.2d 238, 245 (5th Cir. 1955, reh. den.).

In the instant case, Plaintiff fails to show a deprivation of a constitutional right. Furthermore, he provides nothing to substantiate his claim of conspiracy other than his bare and conclusory assertion that one existed. Accordingly, he wholly fails to state a conspiracy claim.

### 3. Extradition and *Heck* Bar

Plaintiff's claims concerning extradition cannot be asserted under § 1983 without showing that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487; *see also Rose v. Texas Bd. of Pardons & Paroles*, Civil Action No. V-06-050, 2008 WL 2697340, at *1 (S.D. Tex. July 2, 2008) (stating that a § 1983 challenge is subject to *Heck*, under which a § 1983 suit for damages "must be dismissed when the plaintiff is attacking the validity of his confinement and has not shown that the judgment against him has been overturned"); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (holding that §1983 challenges to extradition procedures are barred by *Heck*); *Logan v. Texas*, No. 3:11-cv-998-P, 2011 WL 2881560, at *2 (N.D. Tex. June 29, 2011), *rec. adopted*, 2011 WL 2883324 (N.D. Tex. July 15, 2011) (a plaintiff's claim "that his extradition has been unlawfully conducted . . . necessarily impl[ies] the invalidity of [his] confinement," and

where that confinement "has not been declared invalid[,] . . . no § 1983 cause of action has yet accrued and [the claim] should be dismissed with prejudice until the *Heck* conditions are met"). *Cf. Towns v. Sheriffs Dep't Jackson Par.*, 710 F. App'x 227, 228 (5th Cir. 2018) (per curiam) (noting that, even if *Heck* would not apply to a particular claim of wrongful extradition, affirming dismissal of claim as frivolous where "nothing in Towns's allegations suggests a claim that he was denied his right to file a habeas corpus challenge to his extradition while he was in Louisiana" (citations omitted)). Plaintiff has not made this showing. Therefore, Plaintiff's claim concerning extradition should be dismissed with prejudice until the *Heck* conditions are met.

### 4. Unlawful Detainer, Unlawful Arrest, and False Imprisonment and *Heck* Bar

Additionally, any claims concerning unlawful detainer, unlawful arrest, and false imprisonment are barred by *Heck* and should be dismissed until the *Heck* conditions are met. *See Tyler v. Cedar Hill Indep. School Dist.*, No. 3:09-cv-2469-G, 2010 WL 1233455, at *2 (N.D. Tex. Mar. 3, 2010), *rec. adopted*, 2010 WL 1233458 (N.D. Tex. Mar. 29, 2010) (summarily dismissing claims for illegal search and seizure, unlawful arrest, wrongful interrogation, and false imprisonment under *Heck*); *Puckett v. Walmart Store #5823*, No. 3:15-CV-2029-D-BN, 2017 WL 6612944, at *8 (N.D. Tex. Nov. 6, 2017), *report and recommendation adopted*, No. 3:15-CV-2029-D, 2017 WL 6611576 (N.D. Tex. Dec. 27, 2017) ("Because Puckett stands convicted of the offense for which he was arrested, his claims based on allegedly being denied counsel . . . and that he was unlawfully detained pretrial . . . are also barred by *Heck*.").

### 5. Collin County Defendants

#### a. Edwin McGill

Plaintiff alleges that, on November 9, 2018, Edwin McGill, a "secretary/bailiff" at the Collin County Sheriff's Office, "orchestrated the illegal change of custody that resulted in"

9

Plaintiff's injuries by preparing and presenting to Plaintiff two defective and "falsified" waivers of extradition on detainers from Oklahoma and Arkansas. (Dkt. #54, pp. 15-17). Plaintiff does not allege that Edwin McGill was personally involved in physically removing Plaintiff from the Collin County Detention Facility or injuring him.

Plaintiff does not specify which, if any, of his constitutional rights were violated by Edwin McGill's alleged action. Thus, Plaintiff fails to state a cognizable § 1983 claim against Edwin McGill. For the reasons stated above, any claims alleging unlawful extradition should be dismissed until the *Heck* conditions are met. Accordingly, the claims against Edwin McGill should be dismissed with prejudice.

### b. Matt Dyer

Plaintiff alleges that Matt Dyer, an officer with the Collin County Sheriff's Office, along with Sheriff Skinner and Officer Young, falsely imprisoned Plaintiff on November 2, 2018, until his unlawful extradition on December 13, 2018. (Dkt. #54, p. 15). Plaintiff does not allege that Matt Dyer was personally involved in physically removing Plaintiff from the Collin County Detention Facility or injuring him.

Plaintiff fails to state a cognizable § 1983 claim against Matt Dyer. Any claims alleging unlawful arrest and false imprisonment are *Heck*-barred and should be dismissed until the *Heck* conditions are met. Accordingly, the claims against Matt Dyer should be dismissed with prejudice.

### c. FNU Kirkpatrick

Plaintiff alleges that FNU Kirkpatrick, employed by the Collin County Sheriff's Office, was the "releasing officer" and signed the Prisoner Transfer Information, which erroneously stated that Plaintiff was released to Washington County, Arkansas. (Dkt. #54, p. 19-20). Plaintiff argues

that this "document represents nothing more [than] the further effort to mislead and conspire to illegally remove Plaintiff from Texas" on December 13, 2018. (Dkt. #54, p. 19).

Plaintiff does not specify which, if any, of his constitutional rights were violated by FNU Kirkpatrick's alleged action; thus, Plaintiff fails to state a cognizable § 1983 claim against FNU Kirkpatrick. For the reasons stated above, any claims alleging unlawful extradition are *Heck*-barred and should be dismissed until the *Heck* conditions are met. Accordingly, the claims against FNU Kirkpatrick should be dismissed with prejudice.

### d. Remaining Collin County Defendants

Plaintiff challenges the policies of Collin County concerning inadequate conditions of confinement. Plaintiff also alleges that Collin County Sheriff Jim Skinner ordered Collin County personnel to physically remove Plaintiff from the holding tank at Collin County Detention Facility to a McCurtain County Sheriff's vehicle, causing permanent nerve damage in his neck and back that has left him handicapped for life. (Dkt. #54, p. 15). Additionally, Plaintiff asserts that Defendants Shannon Young, Officer Green, and Lt. Christenson "attacked Plaintiff in an illegal exchange of custody" at the Collin County Detention Facility on December 13, 2018, causing injury to Plaintiff's arm, back, and neck "which has resulted in permanent nerve damage." (Dkt. #54, pp. 17).

The Court will allow Plaintiff's claims alleging excessive force and conditions of confinement to proceed against Collin County, Collin County Sheriff Jim Skinner, Shannon Young, Officer Green, and Lt. Christenson. An order for these Defendants to respond to those specific claims in Plaintiff's amended complaint will issue separately.

### IV. RECOMMENDATION

For the reasons set forth above, the Court recommends:

1. McCurtain County, Oklahoma; Washington County, Arkansas; and McCurtain County Sheriff Kevin Clardy be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction;[4]

2. Ector County be **DISMISSED WITHOUT PREJUDICE** for lack of venue;

3. Plaintiff's claims concerning extradition, unlawful detainer, unlawful arrest, and false imprisonment be **DISMISSED WITH PREJUDICE** until the *Heck* conditions are met.

4. Plaintiff's conspiracy claims and claims concerning intrastate and interstate transfer be **DISMISSED WITH PREJUDICE.**

5. Plaintiff's claims against Edwin McGill, Matt Dyer, FNU Kirkpatrick be **DISMISSED WITH PREJUDICE**.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

---

[4] The Clerk shall terminate Collin County Sheriff's Office and "Bailiff with Badge No. 02-477" as Defendants in this action.

79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 21st day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE